IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL M. ROBLES AND BONNIE ROBLES,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>      Defendants. | Case No. 21-4047-JAR-ADM |

### REPORT AND RECOMMENDATION

This matter comes before the court on plaintiffs Gabriel M. Robles and Bonnie Robles' Motion to Proceed Without Prepayment of Fees.  (ECF 3.)  Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  To succeed on motion to proceed *in forma pauperis* ("IFP"), "the movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

The court has carefully reviewed plaintiffs' supplemental affidavits of financial status (ECF 5 & 5-1) provided in accordance with the court's order (ECF 4).  Plaintiffs report that they have over $1,400 cash on hand, which is more than enough to pay the required fee to initiate a case in this court.  (ECF 5, at 4; ECF 5-1, at 4.)  And although plaintiffs are currently unemployed, their monthly government benefits exceed their reported monthly expenses.

Plaintiffs would therefore be able to use the cash they have on hand to pay the filing fee and still meet their monthly expenses.  Because plaintiffs have not shown that they cannot pay the required filing fee, the court issues this report in accordance with *Lister* and recommends that plaintiffs' motion be denied and that plaintiffs be ordered to pay the required filing fee within fourteen days.

In addition, the court recommends that plaintiffs be ordered to file an amended complaint that complies with the pleading standards set forth in FED. R. CIV. P. 8 when they pay the required filing fee.  Under Rule 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  These pleading standards are designed to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To comply with Rule 8(a), a plaintiff's complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, plaintiffs' complaint names thirty-one defendants, including the United States of America; various federal, state, and local agencies and governmental officials; several news outlets; a property management company, credit bureaus, and others.  The complaint vaguely asserts that all defendants have been "violating the Plaintiffs['] Constitutional rights."[1]  (ECF 1,

---

[1] Elsewhere, plaintiffs make additional allegations that appear to reference a prior case filed by Gabriel M. Robles involving a medical malpractice claim and a civil conspiracy to libel/slander claim against the United States of America.  (*See* ECF 1, at 8 ("Judicial authorities

at 7.) Plaintiffs do not specify what actions each defendant has taken, when those actions occurred, how those actions harmed plaintiffs, and what particular Constitutional rights plaintiffs believe each defendant violated. Defendants do not have fair notice of the specific claims that plaintiffs assert against them. Because plaintiffs have not met Rule 8(a)'s requirements, their complaint would be subject to dismissal in its current state. *See Nasious*, 492 F.3d at 1161 ("Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

Finally, should plaintiffs fail to pay the required filing fee within fourteen days, the court further recommends that this case be dismissed without prejudice.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), the court informs plaintiffs that they may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiffs fail to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiffs Gabriel M. Robles and Bonnie Robles' Motion to Proceed Without Prepayment of Fees (ECF 3) be denied and that plaintiffs be ordered to pay the required filing fee and file an amended complaint within fourteen days.

---

allowed perjury and slander . . . [and] medical malpractice . . . .").) Because plaintiffs' claims here are so vague, the extent to which plaintiffs may be impermissibly attempting to relitigate claims raised in the prior case is unclear. This court's ruling in favor of the defendant in the prior case was affirmed by the Tenth Circuit, *see Robles v. United States*, 703 F. App'x 652 (10th Cir. 2017), and the Supreme Court denied certiorari, *see Robles v. United States*, 138 S. Ct. 479 (2017).

Should plaintiffs fail to pay the required filing fee within fourteen days, the court further recommends that this case be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this report and recommendation to plaintiffs Gabriel M. Robles and Bonnie Robles via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated October 14, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge