IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL M. ROBLES and<br>BONNIE ROBLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 21-4047-JAR-ADM |

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 6) to deny Plaintiffs Gabriel and Bonnie Robles' Motion to Proceed Without Prepayment of Fees and require them to pay the filing fee within fourteen days. Judge Mitchell also recommends that the Court order Plaintiffs to amend their Complaint to comply with the pleading standards set forth in Fed. R. Civ. P. 8(a) when they pay the required fee. Plaintiffs timely filed an objection to the Report and Recommendation (Doc. 7). For the reasons explained below, the Court overrules Plaintiffs' objections in part, and adopts in part and modifies the recommended decision of Judge Mitchell.

**I. Background**

Plaintiffs' *pro se* Complaint names thirty-one Defendants, including: the United States of America; various federal, state, and local agencies and government officials; several news outlets; a property management company, credit bureaus, and others. The Complaint asserts that all Defendants have been "violating the Plaintiffs['] Constitutional rights."[1] Plaintiffs make

---

[1] Doc. 1 at 7.

additional allegations that appear to reference a prior case filed by Gabriel Robles involving a medical malpractice claim and a civil conspiracy to libel/slander claim against the United States of America.[2]  Plaintiffs move to proceed without prepayment of the filing fee, and submit a supplemental affidavit of financial status in support of their request.[3]  The affidavit states that Plaintiffs are unemployed but receive approximately $1,740 per month from government benefits.  Plaintiffs report $1,487 cash on hand in their bank account and report average monthly expenses of $1,698, which includes expenses for rent, groceries, utilities, over-the-counter medication, and transportation expenses apparently brought on by the COVID-19 pandemic.  Plaintiffs do not own a home or car and do not report any assets.

## II.     Standard

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.[4]  Rule 72(b) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[5]  Similarly,  28 U.S.C. § 636(b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or

---

[2] *Id.* at 8.

[3] Docs. 3, 5-1.

[4] Fed. R. Civ. P. 72(b)(1).

[5] Fed. R. Civ. P. 72(b)(3).

>recommendations made by the magistrate judge.  The judge may
>also receive further evidence or recommit the matter to the
>magistrate judge with instructions.

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[6]  An objection is timely if it is made within fourteen days after service of a copy of the recommended disposition.[7]  An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[8]  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[9]

## III. Discussion

The Court has reviewed facts and issues under Fed. R. Civ. P. 72(b)(3) and, after a de novo determination upon the record, agrees in part with the proposed disposition of Plaintiffs' motion to proceed without prepayment of fees and direction to file an amended complaint with the required fee.

### A. Plaintiffs May Proceed IFP

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  To succeed on a motion to proceed in forma pauperis ("IFP"), "the movant must show a financial inability to pay the required filing fees."[10]

---

[6] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Adkins v. Koduri*, No. 16-4134, 2016 WL 5745550, at *1 (D. Kan. Oct. 3, 2016).

[7] Fed. R. Civ. P. 72(b)(2).

[8] *One Parcel of Real Prop.*, 73 F.3d at 1060; *Adkins*, 2016 WL 5745550, at *1.

[9] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[10] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."[11]  The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion.[12]

In recommending denial of Plaintiffs' motion to proceed IFP, Judge Mitchell found that their supplemental affidavits of financial status indicate that they have more than enough cash on hand to pay the required fee to initiate a civil case in this court.[13]  Moreover, although Plaintiffs are unemployed, their reported joint monthly government benefits exceed their reported monthly expenses, and thus they could pay the filing fee and still be able to meet their expenses.[14]  Plaintiffs object to Judge Mitchell's recommendation, asserting that they live below the poverty line, that their cash on hand is less than reported, and that Judge Mitchell's order does not mention that they tithe "at least a tenth of their income to the poor or needy."[15]

After reviewing Plaintiffs' supplemental affidavit of financial status and objections, the Court sustains Plaintiffs' objections to Judge Mitchell's recommendation to deny their request to proceed IFP.  Although it is a close call, based upon the information presented by Plaintiffs, the Court finds that they have made a sufficient showing of inability to pay the filing fees required to prosecute this action.  Accordingly, Plaintiffs' IFP motion is granted.

### B. Plaintiffs' Complaint is Subject to Dismissal

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by a person proceeding IFP is subject to screening by the court under § 1915(e)(2)(B).  The court may

---

[11] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[12] *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

[13] Doc. 5.  The filing fee for any civil action or suit in the District of Kansas is $402.

[14] *Id.* at 4–6.

[15] Doc. 7 at 1–2.

dismiss the complaint to the extent it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."[16]  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."[17]  Here, even though Plaintiffs are entitled to proceed IFP, their Complaint is subject to dismissal because they fail to state a claim upon which relief may be granted.

Dismissal under § 1915(e)(2)(B) is governed by the same standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[18]  The court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.[19]  While the court liberally construes the pleadings of a *pro se* plaintiff, it must not become an advocate for the plaintiff.[20]  To survive a motion to dismiss, Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  These pleading standards are designed to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests."[21]  To comply with Rule 8(a), a plaintiff's complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[22]

---

[16] 28 U.S.C. § 1915(e)(2)(B).

[17] *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

[18] *Kay v. Bemis*, 500 F.2d 1214, 1217 (10th Cir. 2007).

[19] *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[22] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Judge Mitchell recommends that Plaintiffs be ordered to file an amended complaint that complies with the pleading standards in Rule 8 when they pay the required fee, as their Complaint would be subject to dismissal in its current state under Rule 41(b).[23] Plaintiffs object to Judge Mitchell's recommendation, as such an amendment "would in effect, be admitting the defendant's [sic] had no notice whatsoever that they were in fact violating the rights of the Plaintiff's [sic]."[24] Plaintiffs allege that the court is generally conflicted because it engages in a pattern and practice of using rules and technicalities to deny Plaintiffs relief.  Plaintiffs also make spurious allegations about a member of Judge Mitchell's former law firm.

After reviewing Plaintiffs' Complaint and construing the allegations liberally, the Court agrees with Judge Mitchell that it fails to state a claim upon which relief may be granted. Plaintiffs' Complaint vaguely asserts that Defendants have violated their constitutional rights and does not specify what actions each Defendant has taken, when those actions occurred, how those actions harmed Plaintiffs, and what particular constitutional rights Plaintiffs believe each Defendant violated, thus denying Defendants of fair notice of the specific claims asserted against them as required by Rule 8(a).  Instead of identifying the alleged harm and the specific Defendants responsible for each harm, the Complaint contains a confusing multitude of events and circumstances that Plaintiffs have encountered.  Plaintiffs' Complaint contains generalized allegations, the majority of which have no relation to the named Defendants.  The Court is unable to infer a deprivation of federal or constitutional rights caused by the Defendants for Plaintiffs to proceed with their purported claims.  Thus, Plaintiffs' Complaint fails to state a claim upon which relief may be granted and is subject to dismissal under § 1915(e)(2)(B).

---

[23] Doc. 6 at 3 (citing *id.* at 1161).

[24] Doc. 7 at 2.

Finally, the Tenth Circuit instructs that "a pro se complaint filed under a grant of [IFP] can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25]  Because Plaintiffs' Complaint fails to comply with Rule 8(a), it is not obvious that it would be futile to give Plaintiffs an opportunity to amend to provide the details necessary to give Defendants fair notice of the claims asserted against them.  Any amended complaint should identify the alleged harm and the specific Defendants responsible for such harm, as set forth above.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Objections to the Report and Recommendation (Doc. 7) are **sustained in part and overruled in part**.  The Court adopts the Report and Recommendation (Doc. 6 ), as modified herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Proceed IFP (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Plaintiffs are granted leave to file an amended complaint that complies with Fed. R. Civ. P. 8(a) **within fourteen days** of the date of this Order.  Failure to do so will result in dismissal of this case in its entirety.

**IT IS SO ORDERED**.

Dated: <u>January 19, 2022</u>

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[25] *Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016).